**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Clark,<br><br>            Plaintiff,<br><br>v.<br><br>John Minore, et al.,<br><br>           Defendants. | No. CV16-1148 PHX DGC<br><br>**ORDER** |

Pro se Plaintiff Corey Clark filed a complaint in April 2016 against Defendant John Minore alleging various defamation-related claims. Doc. 1. Defendant moves for summary judgment, arguing that Plaintiff's discovery disclosures have failed to provide any evidence or witnesses to prove his allegations. Doc. 35. The Court ordered supplemental briefing and evidence regarding the applicability of Arizona's absolute privilege for attorney statements in court proceedings. Docs. 44, 50. The briefing is now complete and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will enter summary judgment for Defendant.

**I.  Introduction.**

Plaintiff has sued Defendant, an attorney for Plaintiff's wife in their divorce case, for Defendant's speech during a court hearing on April 21, 2015, and a police report Defendant filed that made the same assertions. Doc. 1 at 2; Doc. 40 at 2-3, ¶¶ 3, 5-6. Plaintiff alleges that Defendant made various false statements and threats in the hearing

and police report, and bases his claims in this case on those statements. He sues Defendant for various torts and one federal crime, including (1) defamation and libel, (2) commercial disparagement and trade libel, (3) misappropriation of image or likeness, (4) trade malpractice, (5) false light invasion of privacy, (6) injurious falsehood, (7) fraud upon the court, and (8) false statements. Doc. 1 at 4-11. Plaintiff seeks $22.5 million in damages, an injunction barring further defamatory statements, and an order vacating the state-court divorce judgment. *Id.* at 11-14.

Defendant's motion is not carefully focused on relevant legal issues, and Plaintiff's response wanders through wrongdoing of his wife, his wife's step-father, and the judge, various violations of his parental rights, and finally to the court proceeding where the allegedly tortious speech occurred.

Throughout their briefing, the parties did not address the most glaring deficiency in this case – the absolute privileges that apply to statements made by lawyers in court and in complaints to police. The Court ordered supplemental briefing and evidence on Defendant's role in the April 2015 hearing as permitted by Rule 56(f)(2). Docs. 44, 50. Having received the supplemental filings, the Court now enters summary judgment for Defendant.[1]

**II. Discussion.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**A. Absolute Immunity – Participants in Court Proceedings.**

"In the area of absolute privileges, one of the most common is that involving the participant in judicial proceedings." *Green Acres Tr. v. London*, 688 P.2d 617, 621 (Ariz.

---

[1] The Court notes that the parties did not comply with the Court's order that they exchange letters and schedule a telephone conference before briefing summary judgment. *See* Doc. 23 ¶ 11. And Plaintiff's filings fail to comply with LRCiv 7.1(b)(1), making them quite difficult to read.

- 2 -

1984). "The privilege protects judges, parties, lawyers, witnesses and jurors. The defense is absolute in that the speaker's motive, purpose or reasonableness in uttering a false statement [does] not affect the defense." *Id.*

The Arizona Supreme Court derives "[a]n attorney's absolute privilege to defame in connection with a judicial proceeding" from the Restatement (Second) of Torts. *Id.* The relevant section provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586. The immunity "focuses on the status of the actor" as a lawyer and "immunizes an attorney for statements made 'while performing his function as such.'" *Green Acres*, 688 P.2d at 621 (quoting § 586 cmt. c). The immunized statements "need not be 'strictly relevant,' but need only have 'some reference to the subject matter of the proposed or pending litigation.'" *Id.*

The parties dispute whether Defendant was a participant in the April 2015 hearing. Doc. 45 at 2-3; Doc. 46 at 7-8. Yuma County Superior Court records resolve this issue. Defendant was not present to represent his client – Plaintiff's former wife – when the hearing began. Doc. 51-1 at 2. For this reason, the minute entry suggests that Mrs. Clark appeared in *propria persona. Id.* But Defendant arrived later, and both the minute entry and the transcript reflect his appearance as counsel for Mrs. Clark. *Id.* at 2, 52. In his capacity as counsel for Mrs. Clark, Defendant made the allegedly defamatory statements during an official court proceeding. *Id.* at 64-75.

The parties also disagree on whether Defendant's statements related to the court proceeding. Doc. 45 at 4-5; Doc. 46 at 7-8. Again, the court records resolve the issue. The matter before the court was a petition by Mrs. Clark for an order of protection against Plaintiff. Doc. 51-1 at 2. The judge, who was presiding over the divorce case as well, addressed a wide range of issues related to the petition for an order of protection,

child custody, the status of the divorce, and communication difficulties between the parties and counsel. *See id.* at 51-146. Allegations of threats of violence among the parties and counsel were relevant, especially considering that the hearing was for an order of protection. The Court finds that Defendant's in-court statements are subject to absolute immunity.

### B. Absolute Immunity – Police Reports.

In Arizona, civil claims based on police reports are barred as a matter of law. *See Ledvina v. Cerasani*, 146 P.3d 70, 75-76 (Ariz. Ct. App. 2006) ("putative crime victims are entitled to absolute immunity when they complain to the police"). Defendant's allegedly defamatory statements to the police are therefore subject to absolute immunity.

### C. The Scope of Absolute Immunity.

"[A]bsolute immunity immunizes absolutely." *Sobol v. Alarcon*, 131 P.3d 487, 490 (Ariz. Ct. App. 2006). "When statements are absolutely privileged, the speaker is immune from civil liability and courts do not inquire into the declarant's motives or whether the statements were made in good faith." *Ledvina*, 146 P.3d at 72. The Arizona Court of Appeals has explained:

> To accomplish this, it is necessary for them to be protected not only from civil liability but also from the danger of even an unsuccessful civil action. To this end, it is necessary that the propriety of their conduct not be inquired into indirectly by either court or jury in civil proceedings brought against them for misconduct in their position. Therefore the privilege, or immunity, is absolute and the protection that it affords is complete. It is not conditioned upon the honest and reasonable belief that the defamatory matter is true or upon the absence of ill will on the part of the actor.

*Sobol*, 131 P.3d at 490 (quoting Restatement (Second) of Torts div. 5, ch. 25, topic 2, title B, introductory note (1977)).

Plaintiff's contention that the Court must consider whether Defendant abused his absolute privilege is misplaced. Doc. 46 at 5-8. Such an inquiry is only required for the application of qualified immunity. *Green Acres Tr.*, 688 P.2d at 624 ("Arizona law establishes a two-part analysis for determining whether a qualified privilege exists"). It is

irrelevant to absolute immunity. *See Ledvina*, 146 P.3d at 72 (motives and bad faith are irrelevant).[2]

### D. Fraud Upon the Court.

Plaintiff asserts a claim for fraud upon the court and seeks an order vacating the state court's judgment. Doc. 1 at 10-11. In Arizona, the "superior court may set aside a judgment at any time when the moving party proves the judgment was the product of fraud upon the court." *Clark v. Kreamer*, No. 1 CA-SA 17-0141, 2017 WL 5352662, at *3 (Ariz. Ct. App. Nov. 14, 2017). The ability of a state court to set aside one of its judgments for fraud, however, does not mean that a federal court may set aside a state-court judgment on that basis. Indeed, the U.S. Supreme Court has long held that diversity jurisdiction does not extend to the issuance or modification of divorce, alimony, or child-custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-03 (1992). For this reason, the Court lacks jurisdiction to grant the requested relief based on fraud in the state-court domestic relations proceeding.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Doc. 35) is **granted**.
2. All remaining motions (Docs. 37, 41) are **denied as moot**.
3. The Clerk is directed to **terminate** this action.

Dated this 27th day of November, 2017.

_____
David G. Campbell
United States District Judge

---

[2] The Court notes that summary judgment is warranted on the alleged violation of a federal criminal statute, 18 U.S.C. § 1001. Doc. 1 at 11. Nowhere in the statute is there any indication that Congress intended to create a private right of action. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone"), *superseded by statute on other grounds*, 15 U.S.C. § 78t(f). But even if it did, that private right of action would be barred by absolute immunity.

- 5 -